IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : CASE NO. 1:CR-98-086-01

v.

**ALEX VASQUEZ**

# M E M O R A N D U M

## I. Background

On December 14, 2009, Defendant filed a motion for relief under 18 U.S.C. § 3582(c)(2). In said motion, he also requested that, in any resentencing, the court not apply the enhancement given pursuant to USSG § 3B1.1(c) as was applied in the original sentencing. In support of this request Defendant cites *United States v. Booker*, 543 U.S. 220 (2005).

In addition, Defendant has also requested that, when resentencing, this court consider the factors set forth in 18 U.S.C. § 3553(a). He further requests that the court exceed the two point reduction provided by the amended § 2D1.1.

On January 19, 2010, this court granted the two point reduction pursuant to 18 U.S.C. § 3582(c)(2). The court did not rule on Defendant's additional requests; nor did the government respond to the additional requests made by Defendant. On January 27, 2010, Defendant filed a document requesting that the issues not previously addressed be addressed by this court.

**I.     Discussion**

In *United States v. Dillon*, 572 F.3d 146 (3d Cir. 2009), the court held that " 'Booker applies to full sentencing hearings – whether in an initial sentencing or in a sentencing where the original sentence is vacated for error, but not to sentence modification proceedings under § 3582(c)(2).' " (*Id*. at p. 147 (citing *United States v. Mateo*, 560 F.3d 152, 155(3d Cir. 2009).)  Thus, the request to remove the enhancement under USSG § 3B1.1(c) will be denied.

Defendant requests that this court give a greater reduction in the cocaine guideline in consideration of the continuing disparity between crack and powder cocaine.  This court recognizes that, pursuant to *United States v. Kimbrough*, __ U.S. __, 128 S. Ct. 558 (2007), consideration can be given to further reduce a sentence based on the drug disparity.  This court will wait for Congressional action on this issue as the court is presently without sufficient empirical evidence to make a proper ratio analysis.  Defendant's request on this issue will be denied.

Defendant also requests that the court give considerations to the factors set forth in 18 U.S.C. § 3553(a) for further variance from the sentence arrived at after the two point reduction.  Title 18 U.S.C. § 3582(c)(2) provides that in the case of a defendant who has been sentenced to:

> a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 944(o) . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*Id*. (emphasis added).

2

This court interprets this section to require the court to consider 3553(a) factors in determining whether initially to reduce the term of imprisonment by 2 levels pursuant to 28 U.S.C. § 994(o), not as factors to grant an additional variance. Defendant's request on this issue will be denied.

Requests to amend the presentence report are not timely and will not be considered. An appropriate order will be issued.

s/Sylvia H. Rambo
United States District Judge

Dated: February 1, 2010.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : CASE NO. 1:CR-98-086-01
:
**v.** :
:
**ALEX VASQUEZ** :

# O R D E R

      In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT** the motion for relief under 18 U.S.C. § 3582(c)(2) (doc. 373) and the request for ruling on additional requests for relief (doc. 376), is granted in part and denied in part:

      1) The petition for relief pursuant to 18 U.S.C. § 3582(c)(2) is granted as entered on January 19, 2010 (doc. 375).

      2) In all other respects, the motion is denied.

                                                        s/Sylvia H. Rambo
                                                      United States District Judge

Dated: February 1, 2010.